UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KENYA R. DEESE, §<br>    *Plaintiff*, §<br>§<br>v. §<br>§<br>BROOKDALE SENIOR LIVING §<br>COMMUNITIES, INC. §<br>    *Defendant*. § | CIV. ACTION NO. 5:19-cv-478 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff KENYA R. DEESE (hereinafter "Plaintiff" or "Ms. Deese"), by and through her undersigned counsel, and files this, her Complaint for Damages against Defendant Brookdale Senior Living Communities, Inc. (hereinafter "Defendant" or "Brookdale"), and respectfully shows this Court as follows:

### I.    JURISDICTION AND VENUE

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* ("Title VII") for sexual harassment, hostile work environment, and retaliation.

2. This Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §1331.

3. Venue in this district and division is proper under 28 U.S.C §1391 because the unlawful conduct complained of herein occurred in this district and division.

4. Plaintiff has satisfied all administrative prerequisites. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"). The EEOC issued a Notice of Right to Sue for Plaintiff's Charge on March 9, 2019, entitling an

action to be commenced within ninety (90) days of Plaintiff's receipt of that notice. This action has been commenced within ninety days of Ms. Deese's receipt of the notice.

## II. PARTIES

5. Plaintiff is a citizen of the United States of America and a resident of Bexar, County, Texas and she is subject to the jurisdiction of this Court.

6. Brookdale is qualified to do business in Texas and at all times material hereto has conducted business within this District.

7. Brookdale is now, and at all times relevant hereto has been an employer engaged in an industry affecting commerce within the meaning of Title VII and has employed more than the requisite number of employees for the requisite duration under Title VII.

8. Brookdale may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

## III. FACTUAL ALLEGATIONS

9. Brookdale is a provider of senior living communities throughout the United States including assisted living, independent living and memory care, and skilled nursing home facilities. The Brookdale Alamo Heights facility is located in San Antonio, Texas.

10. Plaintiff Kenya Deese was employed as a registered nurse at the Brookdale Alamo Heights facility from November 2016 to when her employment was terminated in May 2018.

11. Mary Butler was an employee of Brookdale and served as the Director of Nursing of Brookdale Alamo Heights beginning on or about May of 2017. Ms. Butler was Ms. Deese's direct supervisor.

12.     Shortly after Ms. Butler began acting as Director of Nursing, Ms. Butler repeatedly sexually harassed Ms. Deese.  The harassment was verbal and physical and persisted until Ms. Deese's termination of employment in May 2018.  The harassment took place in the workplace during regular working hours.

13.     All harassment alleged herein was unwanted, unwelcomed, and uninvited by Ms. Deese.

14.     The sexual harassment was severe or pervasive so as to alter the terms and conditions of Ms. Deese's employment.

15.     Defendant created a hostile work environment that Ms. Deese was required to endure as a condition of her continued employment with Defendant.

16.     For example, in August 2017, Ms. Butler began holding meetings in her office in connection with every shift change of the nurses.  During these meetings, Ms. Butler would find her way to Ms. Deese and sit in Ms. Deese's lap.  Ms. Deese let Ms. Butler know that this was inappropriate and unwanted behavior and would stand up and ask Ms. Butler if she wanted to sit in Ms. Deese's chair.  Ms. Butler laughed and said no, and that she wanted to sit in Ms. Deese's lap.

17.     In addition to sitting in Ms. Deese's lap, Ms. Butler once put her face against Ms. Deese's face and started moving her bottom in Ms. Deese's lap.  On that occasion, Ms. Deese forced Ms. Butler off of her and Ms. Deese told Ms. Butler to stop.

18.     Following this incident, Ms. Butler called Ms. Deese into her office and asked Ms. Deese if she was okay.  Ms. Deese told Ms. Butler that she was not gay and was not interested in a relationship and that she would like to keep things professional.

19.     However, Ms. Butler continued this unwanted contact and unprofessional

behavior on different occasions as she continued to rub against Ms. Deese and touch Ms. Deese by rubbing against her bottom.

20. On another occasion, in September of 2017, Ms. Butler approached Ms. Deese and rubbed up against her, touched Ms. Deese's breasts, and pushed and squeezed Ms. Deese's breasts. Ms. Deese slapped Ms. Butler's hands away and told her to stop. Ms. Butler walked back to her office smiling like it was a joke.

21. The following day, Ms. Butler approached Ms. Deese's desk. When Ms. Butler turned to face Ms. Deese, Ms. Butler's face was so close to Ms. Deese's face, that Ms. Deese felt like they were going to kiss.

22. In October 2017, Ms. Butler approached Ms. Deese wearing her Halloween costume which was basically a one-piece pajama with a zipper in the front. Ms. Butler began modeling the costume stating that she wore it for Ms. Deese and moving her zipper up and down. Ms. Deese said that she was tired of this and started walking away. Ms. Butler gripped Ms. Deese's shoulder and tried to rub Ms. Deese's neck. Ms. Deese told Ms. Butler never to touch her again.

23. In November 2017, Ms. Deese and a co-worker were laughing together. Ms. Butler came out of her office and asked what Ms. Deese and her co-worker were doing. The co-worker said she was sorry for being loud and that Ms. Deese grabbed her funny bone. Ms. Butler came over to Ms. Deese's desk and said that she was not going to touch Ms. Deese but "if you grab my leg like that, you're going to make me wet."

24. In February 2017, Ms. Butler started to bring Ms. Deese food that Ms. Butler said she cooked for her. Ms. Butler would bring Ms. Deese a plate of food and sit at her desk and tell her to eat it in front of her. Ms. Deese would tell Ms. Butler that she was feeling sick, or was

full, or that she needed to finish her notes. Even though Ms. Deese told Ms. Butler that she didn't want any food, Ms. Butler continued to bring food to her and say, this food is only for you.  This conduct happened 2-3 times a week for 2-3 months.

25. In an effort to avoid Ms. Butler's unwanted advancements, Ms. Deese requested several times to be moved to the night shift.

26. Ms. Deese (writing under a pseudonym in an effort to avoid retaliation) wrote a letter to Brookdale advising of Ms. Butler's repeated harassment of employees like Ms. Deese.

27. In February 2018, a representative of Brookdale's corporate office, Eric Holder, came to Brookdale Alamo Heights.  Ms. Deese told Mr. Holder that Ms. Butler was abusing her power and coming on to the staff in an uncomfortable way.  Mr. Holder asked how, and Ms. Deese said, sexually.

28. Also in February 2018, Ms. Deese called Brookdale's "integrity line" and anonymously reported that Ms. Deese was being sexually harassed.

29. A week later, Mr. Holder returned to Brookdale and spoke to Ms. Deese again. Ms. Deese told Mr. Holder everything about Ms. Butler's behavior.  Mr. Holder told Ms. Deese not to worry and that Brookdale frowns upon a situation like this.

30. The next day, Ms. Butler brought in food for Ms. Deese again.  When Ms. Deese left work, she called Mr. Holder.  Mr. Holder said not to worry and that there will not be any retaliation, and things will change.

31. In March 2018, Ms. Deese again requested to move her shift to weekends or nights.  Ms. Deese gave a copy of the shift-change request to Human Resources Representative Gail Joyce and told her that she was requesting the shift change because Ms. Butler was sexually harassing her.  Ms. Joyce said that she had to pass on that statement about sexual harassment to

corporate. Ms. Deese told Ms. Joyce that the company knows about the harassment but has done nothing and that Ms. Butler might retaliate against her. Ms. Deese then called Mr. Holder, and found out later that Mr. Holder had been fired.

32. In April 2018, Ms. Deese gave Ms. Joyce a statement regarding sexual harassment perpetrated by Ms. Butler. Ms. Deese later met with another Human Resources representative from Brookdale's corporate office who told Ms. Deese that here complaints were petty.

33. Brookdale failed to address the sexual harassment perpetuated by Ms. Butler and caused Ms. Deese to continue to be exposed to sexual harassment.

34. Brookdale failed to take appropriate remedial measures to correct the harassment.

35. As a result of Brookdale's inaction, Ms. Deese felt frightened, anxious, nervous, embarrassed, humiliated and powerless at work.

36. Brookdale terminated Ms. Deese's employment in May 2018.

## IV.     CAUSES OF ACTION

### A.     CLAIM FOR RELIEF UNDER TITLE VII OF THE CIVIL RIGHTS ACT - HOTSTILE WORK ENVIRONMENT SEXUAL HARASSMENT

37. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

38. On a consistent and ongoing basis during plaintiff's employment, Plaintiff was subjected to sexual harassment perpetuated by Ms. Butler.

39. Plaintiff was obligated to work in hostile work environment by virtue of enduring, among other things, unsolicited and unwanted sexual advancements and comments, inappropriate touching, sexual innuendo and sexually charged conduct as perpetuated by Ms. Butler.

40. The unwelcome sexual harassment was sufficiently severe and pervasive so as to

unreasonably interfere with Plaintiff's work performance and create an intimidating, hostile and offensive work environment.

41. Brookdale knew or should have known of the continuous harassment in the workplace but failed to take reasonable protective or corrective measures with respect to the hostile work environment.

42. Because of its failure to take prompt protective or corrective measures and its deliberate indifference to sexually hostile conduct, Brookdale has intentionally engaged in unlawful employment practices in violation of Title VII.

43. The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected her status as an employee because of sex.

44. As a proximate and direct result of Brookdale's conduct, Plaintiff has suffered and will continue to suffer damages including emotional distress, inconveniences, loss of income and benefits, humiliation, and other indignities for which she is entitled to recover.

B. **CLAIM FOR RELIEF UNDER TITLE VII OF THE CIVIL RIGHTS ACT – RETALIATION**

45. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

46. At all times relevant to this action, the relationship between Plaintiff and Defendant was a relationship of "employee" to "employer."

47. Title VII makes it unlawful for an employer to retaliate against an employee who reports or opposes sexual harassment.

48. Defendant retaliated against Plaintiff by among other things, terminating her employment because she opposed Ms. Butler's sexual harassment and reported Ms. Butler's

sexual harassment on Brookdale's "integrity line" and to Brookdale's human resources department.

49. Defendant had knowledge of Plaintiff's participation in protected activities.

50. Defendant's conduct constitutes unlawful retaliation in violation of title VII.

51. As a proximate and direct result of Brookdale's conduct, Plaintiff has suffered and will continue to suffer damages including emotional distress, inconveniences, loss of income and benefits, humiliation, and other indignities for which she is entitled to recover.

### C. CLAIM FOR NEGLIGENCE PER SE AND NEGLIGENCE

52. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

53. Defendant had an affirmative duty to provide Plaintiff a working environment free of sexual harassment. Defendant breached this duty by negligently failing to provide Plaintiff a working environment free of sexual harassment and by failing to take the appropriate measures to eliminate that sexual harassment when affirmatively put on notice of same.

54. Defendant acted negligently and proximately caused Plaintiff's injuries by breaching its duty to use ordinary care to provide Plaintiff a working environment free of sexual harassment, breaching their duty to use ordinary care to provide rules and regulations to prevent and/or eliminate sexual harassment in the workplace, breaching their duty to use ordinary care to investigate reported claims of sexual harassment, breaching their duty to use ordinary care in supervising employees' activities, breaching their duty to use ordinary care in the hiring of employees, breaching their duty to use ordinary care to properly and adequately train employees, and breaching their duty to use ordinary care to prevent employees from being placed in harm's way and in a position of foreseeable injury.

### D.      DAMAGES

55.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

56.     Plaintiff suffered and will continue to suffer because of Defendant's actions and/or inactions.  Plaintiff seeks damages for the personal injuries and loss of income and quality of life suffered in the past and future.  Plaintiff also seeks the recovery of attorney's fees and costs to the full extent allowed by law.

### E.      PUNITIVE DAMAGES

57.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

58.     Defendant's actions with respect to Plaintiff have shown willful misconduct, malice, fraud, wantonness, oppression and complete disregard of care, thus entitling Plaintiff to an award of punitive damages in order to deter, punish and penalize Defendants for and from such conduct in the future.

### F.      JURY DEMAND

59.     Plaintiff demands a trial by jury and has tendered the appropriate jury fee.

### G.      PRAYER FOR RELIEF

**WHEREFORE**, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon trial of this cause, Plaintiff have judgment of, from and against the Defendant for the actual damages and exemplary damages to be determined by a fair and impartial jury that has fully weighed the evidence and facts and delivered its verdict in accordance with the Judge's instructions, in the maximum amount allowed by law, together with costs of suit, pre-judgment interest, post-judgment interest, and for such other and further

relief to which she may show herself justly entitled.

                                      Respectfully submitted,

**A NAVA & GLANDER LAW FIRM**
13409 NW Military Hwy, Suite 300
San Antonio, Texas 78231
Phone: (210) 787-5446
Fax: (210) 305-4219
Cell: (210) 240-0392
TGlander@ANGlawfirm.com

_____
       Troy A. Glander
       State Bar No. 00796634

Attorneys for Plaintiff